**ORIGINAL**

CLAYTON C. IKEI
Attorney at Law
A Law Corporation

CLAYTON C. IKEI    1260
JERRY P.S. CHANG   6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone No. (808) 533-3777
Facsimile No. (808) 521-7245
E-mail: CCIOffice@hawaii.rr.com

Attorneys for Plaintiff
LORI L. PAAKAULA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 2 1 2005

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

LODGED
DEC 20 2005
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LORI L. PAAKAULA, | ) CIVIL NO. 04-00071 SPK LEK |
| Plaintiff, | ) STIPULATION FOR PROTECTIVE ) ORDER |
| v. | ) |
| JOHN E. POTTER, in his official capacity as the Postmaster General of the United States Postal Service, | ) ) ) ) |
| Defendant. | ) |

4972

## STIPULATION FOR PROTECTIVE ORDER

WHEREAS Defendant JOHN E. POTTER ("Potter"), filed a First Request for Production of Documents and First Request for Answers to Interrogatories wherein he has requested information and/or copies of documents containing information of a personal or private nature and

WHEREAS, the Parties above-named wish to avoid unnecessary litigation in order to insure that the Defendants secure relevant discovery while insuring the privacy rights of Plaintiff PAAKAULA,

IT IS HEREBY STIPULATED AND AGREED by and between the above-named parties through their respective counsel that:

1. All documents and information relating to Plaintiff's medical or mental health treatment and all documents related to Plaintiff's records of income or other financial data such as tax records which are produced by Plaintiff in response to Defendant's First Request for Production of Documents and/or First Request for Answers to Interrogatories shall be designated as confidential and shall be covered by the terms of this Stipulation and Order.

2. Access to, review of, or use of any documents, or any part thereof, designated as confidential, as well as the matter contained therein shall be limited to:

> (a) The parties in this action and their officers, directors, employees, and agents who are providing assistance to counsel in this action;
>
> (b) The attorneys for the parties, their associates, assistants and employees;

(c) The Court, jurors, court personnel, including translators, interpreters, persons operating video recording equipment, and court reporters and their transcribers, assistants, and employees;

(d) Court appointed mediators;

(e) Deposition and trial witnesses (and counsel for such witnesses) in this case to the extent reasonably necessary for their presentation in that role;

(f) Translators, interpreters, consultants or experts who are assisting counsel and/or testifying in this case; and

(g) Any person who appears as an author or addressee on the face of the material or to any employee of the party which first produced the material(s) in this case.

3. No one subject to this Order shall make public or disclose any of the protected information or documents to anyone other than the persons listed in Paragraph 2 above. The terms of this Order shall apply to all persons listed in the above paragraph and Defendants' counsel shall have the affirmative duty to furnish a copy of this Order to any such person who obtains access to the documents covered by this Stipulation and Order. Individuals who are permitted access

to the confidential documents are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, or any matters contained therein, or extracts or summaries thereof, to any individual under the provisions of this Order.

4.   Documents deemed confidential shall be made available and may be used during all phases of this civil action, including trial, and for no other purpose; and shall not be divulged in any manner except as specifically set forth herein or except with prior notice and upon modification of this Order.

5.   At the conclusion of this litigation, Defendants' counsel shall return to Plaintiff's counsel all documents and copies thereof, which have been produced subject to this Stipulation and Order.  Alternatively, Defendants' counsel shall destroy all documents, and copies thereof, which have

\\
\\
\\
\\
\\
\\
\\

been produced subject to this Stipulation and Order and shall certify such destruction to Plaintiff's counsel.

DATED: Honolulu, Hawaii, December 19, 2005.

_____
RACHEL MORIYAMA
Assistant U.S. Attorney

Attorney for Defendant
JOHN E. POTTER, in his
official capacity as the
Postmaster General of the
United States Postal Service

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
LORI L. PAAKAAULA

APPROVED AND SO ORDERED:

_____
JUDGE OF THE ABOVE-ENTITLED COURT

CIVIL NO. 04-00071 SPK LEK, Lori L. Paakaula v. John E. Potter, in his official capacity as the Postmaster General of the United States Postal Service, STIPULATION FOR PROTECTIVE ORDER