IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LORI L. PAAKAULA, ) | CIVIL NO. 04-00071 SPK-LEK |
| ) | |
| Plaintiff, ) | DECLARATION OF RACHEL S. |
| ) | MORIYAMA |
| vs. ) | |
| ) | |
| JOHN E. POTTER, in his ) | |
| official capacity as the ) | |
| Postmaster General of the ) | |
| United States Postal Service, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

DECLARATION OF RACHEL S. MORIYAMA

     I, Rachel S. Moriyama, declare that:

     1.  I am an Assistant United States Attorney for the District of Hawaii, and I am responsible for representing the Defendant in this action.

     2.  I am familiar with the facts set out herein and I am authorized to make this declaration.

     3.  The instant employment discrimination action was filed on January 30, 2004.

     4.  According to the Amended Rule 16 Scheduling Order that was entered on March 2, 2005, dispositive motions were required to be filed by June 29, 2005, and a jury trial was scheduled for November 29, 2005, before the Honorable Samuel P. King.

     5.  On November 1, 2005, the jury trial was continued to March 14, 2006.

6. On or about November 10, 2005, this case was transferred to me because the Assistant United States Attorney originally assigned to the case had conflicts in his trial schedule.

7. Since the case was transferred to me, I have worked as quickly as I could, in light of my existing case load and other assignments, to digest the case files and records, and to interview witnesses, in order to prepare for trial.

8. In the course of my review of this case, I became aware that there were several legal grounds upon which the entire Complaint could be dismissed and/or summary judgment entered. I have worked diligently to investigate, research and confirm the validity and merits of such a motion.

9. I have drafted a proposed Motion to Dismiss Complaint and/or for Entry of Summary Judgment and related pleadings, which I have lodged contemporaneously with this <u>ex parte</u> motion for the Court's review and consideration. The proposed motion asserts jurisdictional grounds to dismiss the Complaint and/or to enter summary judgment in favor of Defendant.

10. On January 26, 2006, I telephoned Plaintiff's counsel, Clayton C. Ikei, Esq., to advise him of Defendant's intent to seek leave to file its proposed Motion to Dismiss Complaint and/or for Entry of Summary Judgment and to determine if Plaintiff would consent to this <u>ex parte</u> motion. Mr. Ikei advised me that while Plaintiff did not oppose Defendant's late

filing of its proposed Motion to Dismiss Complaint and/or for Entry of Summary Judgment, Plaintiff would not consent to a continuance of the current trial date.

      11.  This <u>ex parte</u> motion, and the Defendant's proposed Motion to Dismiss Complaint and/or for Entry of Summary Judgment, are not filed for purposes of delay; but rather to facilitate an efficient and cost-effective resolution of this action.

      12.  I believe that the grant of this <u>ex parte</u> motion would be the most efficient and cost-effective way to adjudicate the legal issues raised by Defendant's proposed dispositive motion. If Defendant is not allowed to file its late dispositive motion, it would raise the same legal arguments immediately prior to trial in the form of motions <u>in limine</u>. Allowing full briefing and argument on Defendant's proposed Motion to Dismiss Complaint and/or for Entry of Summary Judgment -- before the parties are required to expend significant time and money to prepare for trial -- would encourage consistent with a fair and orderly process, and would significantly further the Court and the parties' interests in judicial economy.

      13.  Based upon the foregoing, Defendant respectfully requests that the Court grant this <u>ex parte</u> motion, schedule Defendant's Motion to Dismiss Complaint and/or for Entry of Summary Judgment for hearing as soon as practicable, and postpone the current trial date and all trial-related deadlines to the extent necessary to afford the parties and the Court with

sufficient time to brief, argue and decide the Defendant's dispositive motion.

      14. Copies of this <u>ex</u> <u>parte</u> motion, Defendant's proposed Motion to Dismiss Complaint and/or for Entry of Summary Judgment and all related pleadings shall be served upon Plaintiff's counsel by electronic mail and United States mail at the same time they are lodged with the Court.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on January 27, 2006, at Honolulu, Hawaii.

                            /s/ Rachel S. Moriyama
                            _____
                            RACHEL S. MORIYAMA