IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LORI L. PAAKAULA, | ) | CIVIL NO. 04-00071 SPK-LEK |
| | ) | |
| Plaintiff, | ) | DECLARATION OF ALAN Y. UENO; |
| | ) | EXHIBITS "A"-"D" |
| vs. | ) | |
| | ) | |
| JOHN E. POTTER, in his official capacity as the Postmaster General of the United States Postal Service, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DECLARATION OF ALAN Y. UENO

I, ALAN Y. UENO, declare that:

1. I am the Manager, Injury Compensation, for the Honolulu District, United States Postal Service ("USPS"). I have been employed by the USPS since May 1978, and have worked in Injury Compensation since 1985. As the Manager, Injury Compensation, I am responsible for administering the USPS' injury compensation program for the Honolulu District. In this capacity, I process all injury claims, provide technical advice to management and the crafts/unions regarding workers compensations matters, communicate with physicians, and act as the USPS' liaison to the Office of Workers Compensation Program ("OWCP"), United States Department of Labor ("USDOL"). As Manager, Injury Compensation, I have served as a member of the USPS' District Reasonable Accommodation Committee (DRAC) at all times relevant to this case.

2. I am authorized to make this declaration and I have personal knowledge of the facts alleged herein.

3. Plaintiff Lori Paakaula has been employed by the USPS since 1983. At all times herein relevant, Ms. Paakaula worked as a clerk.

4. Ms. Paakaula claimed that she sustained a traumatic injury when she witnessed a workplace fight between USPS employee Rodney Lau and another USPS employee on July 17, 1993. Rodney Lau's wife, Anna Lau, another USPS employee, was also involved in the incident. As a result of witnessing this workplace altercation, Ms. Paakaula developed post-traumatic stress disorder (PTSD). She filed a workers' compensation injury claim based on this mental disability under the Federal Employees Compensation Act ("FECA"), which is administered by the USDOL through the OWCP. This FECA claim was designated as OWCP Claim No. 131021396 (hereinafter "FECA Claim #1").

5. The OWCP administers FECA and is the sole adjudicating authority for determining whether an employee is entitled to benefits under FECA. The OWCP has the exclusive authority to administer, interpret, and enforce the provisions of the Act. The OWCP determines whether an injury is related to the employment.

6. The OWCP initially rejected Ms. Paakaula's FECA Claim #1, but later accepted her mental disability claim based on

2

PTSD on September 9, 1994. As a result, Ms. Paakaula received workers compensation benefits, including continuation of pay until she returned to work and medical treatment in connection with her FECA Claim #1.

7. In September 1999, Ms. Paakaula claimed that her PTSD was exacerbated when she was allegedly harassed by her then-immediate supervisor, Brian Conant, and manager, Robert DePonte. Based on this incident, Ms. Paakaula's doctors advised the USPS that she not have contact Mr. Conant or Mr. DePonte, in addition to the Laus. Ms. Paakaula filed a second claim for FECA benefits based on this 1999 incident, which was designated as OWCP Claim No. 131202433 (hereinafter "FECA Claim #2"). The OWCP denied Ms. Paakaula's FECA Claim #2, and Plaintiff did not appeal that denial.

8. Based upon on the stress caused by the USPS' proposal to reassign her in June 2002, Ms. Paakaula filed a third claim for FECA benefits which was designated as OWCP Claim No. 132063616 (hereinafter "FECA Claim #3"). A true and accurate copy of Ms. Paakaula's Form CA-2, Notice of Occupational Disease and Claim for Compensation, dated October 5, 2002, is attached hereto as Exhibit "A".

9. On April 7, 2003, the OWCP initially denied Ms. Paakaula's FECA Claim #3. A true and accurate copy of the OWCP's April 7, 2003, decision is attached hereto as Exhibit "B". On

June 3, 2003, the OWCP denied Ms. Paakaula's request for reconsideration.

       10.   In or about August 2003, Ms. Paakaula submitted another request for reconsideration. By letters dated December 23, 2003, the OWCP granted Ms. Paakaula's request for reconsideration, vacated its earlier decisions dated April 7, 2003, and June 2, 2003, and accepted Ms. Paakaula's FECA Claim #3 based on the diagnosed condition of panic disorder. True and accurate copies of the OWCP's December 23, 2003 letters are collectively attached hereto as Exhibit "C".

       11.   As a result of OWCP's acceptance of Ms. Paakaula's FECA Claim #3, and based on her medical restriction that she have no contact with the four employees who worked at the P&DC, the USPS offered Ms. Paakaula a position under the Joint USDOL/USPS Rehabilitation Program as a distribution clerk at the Sand Island Station on January 9, 2004. Ms. Paakaula accepted the position at the Sand Island Station on January 19, 2004, and she continues to work full time in that position at present. A true and accurate copy of the Joint USDOL/USPS Rehabilitation Program job offer and acceptance is attached hereto as Exhibit "D".

       12.   As a result of OWCP's decision to accept her FECA Claim #3, Ms. Paakaula has received full workers compensation benefits for her mental disability (panic disorder) claim arising out of the USPS' proposal to reassign her in June 2002. Ms.

4

Paakaula has been "made whole" in that OWCP has awarded her compensation for the total wage loss that she suffered during the entire period that she was incapacitated for work. Medical treatment for her accepted mental condition also has been, and continues to be, covered at no cost to her; and the USPS has accommodated her medical disability with the Joint USDOL/USPS Rehabilitation Program position at the Sand Island Station.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on January 23, 2006, at Honolulu, Hawaii.

_____
ALAN Y. UENO