IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LORI L. PAAKAULA, | ) CIVIL NO. 04-00071 SPK LEK |
| Plaintiff, | ) MEMORANDUM OF LAW IN SUPPORT ) OF MOTION |
| v. | ) |
| JOHN E. POTTER, in his official capacity as the Postmaster General of the United States Postal Service, | ) |
| Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

### I. INTRODUCTION

Plaintiff is an employee with the United States Postal Service. In 1993, Plaintiff was diagnosed as suffering from Post Traumatic Stress Disorder ("PTSD") as a result of witnessing a fight in the workplace. Her PTSD condition was exacerbated in September 1999 after being harassed by her immediate supervisor and manager when she made an EEO complaint of harassment against her immediate supervisor.

Plaintiff contends that Defendant failed to provide her reasonable accommodation for her PTSD condition, and subjected her to reprisal for her prior EEO activities.

According to the Rule 16 Scheduling Order filed on April 27, 2004, jury trial in this matter was scheduled for April 12, 2005.

In the Amended Rule 16 Scheduling Order filed on March 2, 2005, jury trial was rescheduled to November 29, 2005.

In the Minute Order filed November 1, 2005, jury trial was rescheduled for March 14, 2006.

On January 27, 2006, Defendant lodged his Motion to Dismiss Complaint and/or for Summary Judgment ("Motion to Dismiss"), and concurrently filed his Ex Parte Motion for Leave to File Late Dispositive Motion and Shorten Time for Hearing and/or to Continue Trial Date ("Ex Parte Motion"). The Ex Parte Motion was supported by a Declaration from Rachel S. Moriyama, Esq., Defendant's Counsel, which stated in part that she contacted Plaintiff's counsel regarding her intent to file these motions. As noted in Ms. Moriyama's Declaration, Plaintiff's counsel did not oppose Defendant's late filing of the proposed Motion to Dismiss; however, Plaintiff would not consent to a continuace of the trial date which was March 14, 2006. See, Ex Parte Motion, Moriyama Decl. ¶13.

On February 1, 2006, the Court filed its Order Granting Defendant's Ex Parte Motion for Leave to File Late Dispositive Motion and Vacating Trial Date ("Order"). The Court also scheduled the hearing on Defendant's Motion to Dismiss for April 7, 2005 at 10:00 a.m. To date, a new trial date has not been set.

2

As a result, Plaintiff hereby submits her Motion for Reconsideration of the Order as it pertains to vacate the trial date.

## II. ARGUMENT

### A. Motion for Reconsideration

Rule 60. Relief from Judgment or Order, states in part:

> \* \* \*
> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to

3

>grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

**B.    Vacating of the March 14, 2006 Trial Date Is Unnecessary, and Causes Further Delay for Plaintiff to Have Her Jury Trial**

Although Plaintiff did not object to Defendant's late filing of his Motion to Dismiss, and there was recent change in Defendant's counsel, Plaintiff contends that upon receipt and review of the Motion to Dismiss, Defendant could and should have filed his Motion to Dismiss before the dispositive motion deadline. See, Shapardon v. West Beach Estates, 172 F.R.D. 415 (D. Haw. 1997)(A magistrate judge's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. Adherence to reasonable deadlines is critical to maintaining integrity in court proceedings.)

Nothwithstanding her not objecting to Defendant's late filing of his Motion to Dismiss, Plaintiff did object to any continuance of the trial date. As noted above, before the Court's Order, jury trial in this matter was continued twice

already. Plaintiff has been preparing herself for trial which includes working with her treating therapist concerning her PTSD condition. To continue trial to another date would mean she would need to again prepare herself as the new trial date nears.

Additionally, vacating the March 14, 2006 trial date would affect Plaintiff's counsel's trial schedule as he has jury trials scheduled throughout 2006.

Plaintiff has been preparing her opposition memorandum to the Motion to Dimiss and intends to file it by February 10, 2006.

Plaintiff respectfully proposes that the Court can issue a briefing schedule as to Defendant's Reply Memorandum, and set a hearing date for Defendant's Motion to Dimiss before March 14, 2006. Plaintiff's counsel would be available for such a hearing during the weeks of February 17, 27 or March 6, 2006. Thus, if the Court can hear Defendant's Motion to Dismiss before March 14, 2006, then vacating the March 14, 2006 trial date would be unnecessary.

Alternatively, Plaintiff would propose a brief continuance of the trial date by one or two weeks so that jury trial would begin during the week of March 21 or 28, 2006.

## III. CONCLUSION

Therefore, for the forgoing reasons, Plaintiff requests that the Court grants her Motion.

DATED: Honolulu, Hawaii, February 8, 2006.

                                                          _____
                                                          CLAYTON C. IKEI
                                                          JERRY P.S. CHANG

                                                          Attorneys for Plaintiff
                                                          LORI L. PAAKAULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LORI L. PAAKAULA,<br><br>        Plaintiff,<br><br>        v.<br><br>JOHN E. POTTER,<br>in his official capacity as<br>the Postmaster General of the<br>United States Postal Service,<br><br>        Defendant. | ) CIVIL NO. 04-00071 SPK LEK<br>)<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following individuals by hand delivery on February 8, 2006.

TO:   EDWARD H. KUBO, JR.
       United States Attorney
       District of Hawaii
       RACHEL S. MORIYAMA
       Assistant U.S. Attorney
       Room 6-100, PJKK Federal Building
       300 Ala Moana Boulevard
       Honolulu, Hawaii 96850

       Attorneys for Defendant
       JOHN E. POTTER,
       in his official capacity as the Postmaster
       General of the United States Postal Service

DATED:   Honolulu, Hawaii, February 8, 2006.

                                                        CLAYTON C. IKEI
                                                        JERRY P.S. CHANG

                                                        Attorneys for Plaintiff
                                                        LORI L. PAAKAULA

SCANNED