EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

RACHEL S. MORIYAMA   3802
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail:  Rachel.Moriyama@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LORI L. PAAKAULA, | ) | CIVIL NO. 04-00071 SPK-LEK |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S OPPOSITION TO |
| | ) | PLAINTIFF'S MOTION TO |
| vs. | ) | RECONSIDER ORDER GRANTING |
| | ) | DEFENDANT'S EX PARTE MOTION |
| JOHN E. POTTER, in his | ) | FOR LEAVE TO FILE LATE |
| official capacity as the | ) | DISPOSITIVE MOTION AND |
| Postmaster General of the | ) | VACATING TRIAL DATE; |
| United States Postal Service, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Defendant. | ) | (NON-HEARING MOTION) |
| | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER
ORDER GRANTING DEFENDANT'S EX PARTE MOTION FOR
LEAVE TO FILE LATE DISPOSITIVE MOTION AND VACATING TRIAL DATE

Defendant Postmaster General of the United States Postal Service, by and through his undersigned attorneys, respectfully submits its opposition to Plaintiff's Motion to Reconsider Order Granting Defendant's Ex Parte Motion for Leave to File Late Dispositive Motion and Vacating Trial Date

(hereinafter "Plaintiff's Reconsider Motion").  By Order dated February 1, 2006 (hereinafter the "Order"), the Court agreed to hear Defendant's Motion to Dismiss Complaint and/or for Summary Judgment (hereinafter "Defendant's Motion to Dismiss") on April 7, 2005.  In light of the April hearing date, the Court necessarily vacated the March 14, 2006 trial date and all related pretrial dates.  Plaintiff does not seek reconsideration of the Court's decision to permit Defendant to file the late dispositive motion; and in fact, she concedes that she did not object to the filing of the late dispositive motion.  Rather, Plaintiff only seeks reconsideration of the portion of the Order that vacated the March 14, 2006, trial date and all related pretrial deadlines.

For the reasons set out below, the Court should deny Plaintiff's motion.

I.  ARGUMENT

Fed. R. Civ. P. 60(b) permits a party to seek relief from a judgment or order on grounds such as mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or other reason justifying relief from the operation of the judgment.  Here, the portion of the Court's Order vacating the March 14, 2006 trial date and the pretrial deadlines is imminently reasonable in light of the April 14, 2006 hearing date set for Defendant's Motion to Dismiss.  Plaintiff has not, and

cannot make the necessary showing to warrant Rule 60(b) relief from that portion of the Order.

Notwithstanding the fact that Plaintiff did not object to the filing of Defendant's late dispositive motion, Plaintiff now attempts to argue that the Court should have maintained the March 14, 2006 trial date because "Defendant could and should have filed his Motion to Dismiss before the dispositive motion deadline." See memorandum in support of Plaintiff's Reconsideration Motion at 4. As set out in the Declaration of Rachel S. Moriyama filed on January 27, 2006, in support of Defendant's Ex Parte Motion for Leave to File Late Dispositive Motion and to Shorten Time for Hearing and/or to Continue Trial Date, Defendant lodged and served the request for leave to file the late dispositive motion, along with the dispositive motion itself, as soon as the documents could be prepared. By seeking leave to file the late dispositive motion, Defendant did not intend to improperly delay the trial; rather, Defendant sought to raise legal issues -- that potentially could dispose of the need for trial or narrow the issues for trial -- for the Court to consider and decide in a fair and orderly fashion.

Plaintiff's suggestion that Defendant's Motion to Dismiss be heard "during the weeks of February 17, 27 or March 6, 2006," and her proposal for a "brief continuance of the trial date by one or two weeks so that the jury trial would begin

during the week of March 21 or 28, 2006," are both unreasonable and impractical.  <u>See</u> memorandum in support of Plaintiff's Motion for Reconsideration at 5.  Not only would Plaintiff's suggestions require the Court to review, hear and decide the Motion to Dismiss under severe time constraints, the parties would be forced to prepare for trial <u>prior</u> to the Court issuing its decision on Defendant's Motion to Dismiss.[1]  As a result, the parties would be required to expend enormous costs and efforts to prepare for a trial that might not be necessary or that could be narrowed if the Motion to Dismiss was granted in whole or in part.  Moreover, such a tight schedule would make it extremely difficult for the parties and the Court to decide motions in limine and/or to resolve disputes regarding trial exhibits, witnesses, jury instructions and verdict forms in an appropriate and orderly fashion.  Plaintiff's request that the Court hear and decide Defendant's Motion to Dismiss within a time period that would allow trial in this case to commence on or shortly after March 14, 2006, is simply unworkable, and consequently, Plaintiff's motion must be denied.

---

[1] According to the November 1, 2005 Minute Order that scheduled the trial for March 14, 2006, the parties were supposed to have exchanged exhibits by February 14, 2006, and were supposed to have filed witness lists, motions in limine, deposition excerpts and stipulations regarding exhibits by February 21, 2006.  The Minute Order further required the parties to file objections to exhibits and deposition excerpts, oppositions to motions in limine, proposed voir dire questions, proposed jury instructions, proposed special verdicts and trial briefs by February 28, 2006.

II.  CONCLUSION

      For the foregoing reasons, Defendant respectfully urges the Court to deny Plaintiff's Motion to Reconsider Order Granting Defendant's Ex Parte Motion for Leave to File Late Dispositive Motion and Vacating Trial Date.

      DATED:  February 21, 2006, at Honolulu, Hawaii.

                          EDWARD H. KUBO, JR.
                          United States Attorney
                          District of Hawaii

                          /s/ Rachel S. Moriyama

                          By_____
                            RACHEL S. MORIYAMA
                            Assistant U.S. Attorney

                          Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LORI L. PAAKAULA, ) | CIVIL NO. 04-00071 SPK-LEK |
| ) | |
| Plaintiff, ) | CERTIFICATE OF SERVICE |
| ) | |
| vs. ) | |
| ) | |
| JOHN E. POTTER, in his ) | |
| official capacity as the ) | |
| Postmaster General of the ) | |
| United States Postal Service, ) | |
| ) | |
| Defendant. ) | |
| ) | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

Clayton C. Ikei   CCIOffice@hawaii.rr.com
February 21, 2006

Served by First Class Mail:

Jerry P.S. Chang                February 21, 2006
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814

DATED: February 21, 2006, at Honolulu, Hawaii.

/s/ Jan Yoneda