IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LORI L. PAAKAULA, ) | CIVIL NO. 04-00071 SPK-LEK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOHN E. POTTER, in his official ) | |
| capacity as the Postmaster General of ) | |
| the United States Postal Service, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

Defendant John E. Potter, in his official capacity as the Postmaster General of the United States Postal Service, moves to dismiss and/or for summary judgment. The Court has found the matter suitable for decision without oral argument under Local Rule 7.2(d). For the reasons set forth, the motion is GRANTED.

Because the Court has considered matters outside the pleadings, the Court applies summary judgment standards. See Fed. R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered [12(b)](6) to dismiss for failure of the pleading to

1

state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56").

I.

The law regarding exclusivity of remedies under the Federal Employees Compensation Act, 5 U.S.C. § 8116 (FECA), is well-settled.  See Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-94 (1983); 5 U.S.C. § 8116(c) ("The liability of the United States or an instrumentality thereof under [FECA] . . . with respect to the injury . . . of an employee is exclusive and instead of all other liability of the United States").  If compensation if available for an injury within the scope of FECA "all other statutory remedies for claims arising under the same facts are preempted."  Moe v. United States, 326 F.3d 1065, 1068 (9th Cir. 2003).  Whether an injury is within the scope of FECA is a question of jurisdiction.  Id. n.5 (citing Figueroa v. United States, 7 F.3d 1405, 1407-08 (9th Cir. 1993)).

Here, it is undisputed that Plaintiff Lori Paakaula's claims arise out of stress and post-traumatic stress disorder (PTSD) caused by her work assignment in proximity to Rodney and Anna Lau (the Laus), who were involved in prior workplace violence.  Her PTSD has been found to be caused, at least in part, by assignment near or interaction with the Laus.  She is not supposed to be assigned to

a location where that might occur. (Defendant apparently does not contest whether the stress or PTSD is an injury or true medical condition.) It is also undisputed that Paakaula has already been compensated or accommodated for her condition: On December 23, 2003, the Office of Workers Compensation Program (OWCP) of the U.S. Department of Labor, determined during a reconsideration proceeding that Paakaula had been exposed to the Laus (contrary to work limitations required to accommodate her PTSD). She was awarded FECA benefits, including back pay. She was offered and she accepted a position under the Joint Department of Labor/Postal Service Rehabilitation Program at a different location (away from the Laus) at Sand Island.

Even assuming as true Paakaula's contention that her remedy under FECA is insufficient, she cannot use the Rehabilitation Act or other similar cause of action to circumvent FECA's exclusivity provisions. Here, as the Defendant argues, the same work-related disability (PTSD and panic disorder caused or exacerbated by the Defendant's attempt to reassign Paakaula in June 2002) is the basis for the instant suit as well as her prior FECA claim. She has already received FECA benefits for the same injuries at issue in her Rehabilitation Act claims. That is, her FECA claim (OWCP Claim no. 132063616) was based upon, or arose out of, the same allegation of injury that is at issue in this suit. The suit is barred by the

exclusivity provision.

Moreover, the Court also agrees that this suit is moot. Paakaula has already been awarded through the OWCP process the relief sought. She has been awarded FECA benefits (workers compensation), including back pay, medical treatment, and a full-time position accommodating her injury. Even if not barred by the exclusivity provision, her Rehabilitation Act claims are moot.

## II.

To the extent Paakaula also seeks relief for retaliation (that might not otherwise be barred by the exclusivity provision), the Court agrees that such a claim would fail. A prima facia retaliation claim requires (1) a protected activity, (2) adverse employment action, and (3) a causal link between the two. <u>Coons v. Secretary of the U.S. Dep't of Treasury</u>, 383 F.3d 879, 887 (9th Cir. 2004). Here, it is undisputed that any protected activity (i.e., filing of an EEO complaint) occurred <u>after</u> (Sept. 9, 2002) her alleged adverse employment action (proposed assignment to a shift and location with potential exposure to the Laus, which occurred in June 2002). Such a claim necessarily fails for lack of causation.

## III.

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss Complaint and/or for Summary Judgment. Judgment shall enter in favor

of Defendant and against Plaintiff.

  IT IS SO ORDERED.

  DATED: May 4, 2006



_____
Samuel P. King
Senior United States District Judge

Paakaula v. Potter, Civ. No. 04-00071SPK/LEK, ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT