**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORI L. PAAKAULA, | No. 06-16217 |
| Plaintiff - Appellant | D.C. No. CV-04-00071-SPK/LEK |
| v. | |
| JOHN E. POTTER, of the United States Postal Service, | MEMORANDUM[*] |
| Defendant - Appellee | |

Appeal from the United States District Court
for the District of Hawaii
Samuel P. King, District Judge, Presiding

Argued and Submitted March 12, 2008
San Francisco, California

Before: HUG, RYMER, RAWLINSON, Circuit Judges

    Lori L. Paakaula, an employee of the United States Postal Service, appeals

the judgment entered on her failure-to-accommodate claim in favor of the

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Postmaster General under the Rehabilitation Act of 1973 (RHA), 29 U.S.C. § 794(a). We affirm.

Paakaula's claimed disability, post traumatic stress disorder (PTSD), is a disease proximately caused by her employment, and thus is an "injury" for purposes of the Federal Employees Compensation Act (FECA). 5 U.S.C. § 8101(5). She pursued a FECA claim for this injury, and received benefits and a position accommodating her injury. Remedies provided under FECA are exclusive of all other remedies against the United States for job-related injury. 5 U.S.C. § 8116(c); *Figueroa v. United States*, 7 F.3d 1405, 1407-08 (9th Cir. 1993). As redress for the same injury was available and awarded, this part of Paakaula's RHA claim is preempted.[1] *See Nichols v. Frank*, 42 F.3d 503, 514-15 (9th Cir. 1994) (holding that a claim for work-related injury within the Act's definition is preempted but harm from discrimination that was not an injury within the meaning of FECA is not).

AFFIRMED.

---

[1] Paakaula's retaliation-based claim was dismissed on the merits, and is not on appeal.